Angelique **PRIMUS,** Appellant

v.

**TARGET CORPORATION.**

No. 12–3894.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) July 16, 2013.

Filed: Aug. 8, 2013.

Brett N. Benton, Esq., Richard M. Ochroch & Associates, Jerry A. Lindheim, Esq., Jonathan W. Miller, Esq. Marc P. Weingarten, Esq., Locks Law Firm, Philadelphia, PA, for Appellant.

Francis J. Grey, Jr., Esq., Lavin, O'Neil, Ricci, Cedrone & Disipio, Philadelphia, PA, for Target Corporation.

---

Before: RENDELL, SMITH, and SHWARTZ, Circuit Judges.

## OPINION

SMITH, Circuit Judge.

Angelique Primus was injured while shopping at Target in Warrington, Pennsylvania. For reasons unknown, a box of unassembled furniture fell on her hand. She sued Target Corporation for negligence. Her theory was simple: Target used a safety arm to keep the boxes on its shelves, but it should have used a fence. In support of this theory, Primus introduced evidence that fences are safer than safety arms (because boxes can slide under safety arms). In response, Target introduced evidence that safety arms are safer than fences (because shoppers can injure themselves while lifting boxes over fences). After thirty-four minutes of deliberation, the jury reached a verdict: Target was not negligent. This appeal followed.*

Primus objects to a pair of evidentiary rulings. The rulings excluded evidence that was meant to contradict—and thereby impeach—Target's witnesses. Primus's two objections share the same fatal flaw. The evidence at issue did not contradict any witness.

We review the District Court's decision to exclude evidence for an abuse of discretion. *United States v. Mornan*, 413 F.3d 372, 377 (3d Cir.2005). Federal Rule of Evidence 607 allows a party to impeach witnesses by contradicting their testimonies. *United States v. Gilmore*, 553 F.3d 266, 271 (3d Cir.2009); *United States v. Kincaid–Chauncey*, 556 F.3d 923, 932 n. 8 (9th Cir.2009) ("Although impeachment by contradiction is not specifically formalized in the Federal Rules of Evidence, it is part of the general body of evidentiary law and is a permissible theory of impeachment under Federal Rule of Evidence 607."). "Impeachment by contradiction is a means of policing the [witness]'s obligation to speak the truth in response to proper questions." *Gilmore*, 553 F.3d at 271 (quotation marks omitted). Impeachment-by-contradiction evidence must satisfy the Rule 403 balancing requirement. *See id.* Above all, such evidence must "meaningfully contradict[ ]"—or be inconsistent with—a witness's testimony. *Morgan v. Covington Twp.*, 648 F.3d 172, 181 n. 7 (3d Cir.2011).

The first ruling excluded photos that Primus's counsel had taken at a local Target—not the Target where Primus was injured. The photos showed that the store used fences rather than safety arms to display some boxes of furniture. J.A. 487–504. The District Court excluded the photos because they had not been authenticated. *See* Fed.R.Evid. 901(a). Authenticated or not, the photos had a bigger problem: they did not in fact contradict any witness's testimony. Primus tried to introduce the photos to contradict a Target witness who had said that "I would not consider [a waist-level fence that displayed furniture boxes] safe." J.A. 406–07. Yet the possibility that such fences are unsafe is entirely consistent with the possibility that Target used them. Stores occasionally do things that are unsafe. Absent an actual contradiction, the evidence could not impeach by contradiction.

The second ruling was proper for the same reason. Primus tried to prove that Target could eliminate the risk of fences by leaving gaps, which would allow customers to remove boxes by sliding rather than lifting them. In a pretrial deposition,

---

* The District Court had diversity jurisdiction under 28 U.S.C. § 1332, and we have appel-late jurisdiction under 28 U.S.C. § 1291.

Target's expert had testified that gaps "would negate the lift." J.A. 54. Primus tried to introduce this testimony to impeach a Target representative who had indicated that "fencing can certainly be placed with spaces between it." J.A. 318. Target objected, and the District Court ruled that Primus should raise the issue when the expert testified. That did not happen—the expert never testified, and Primus never mentioned his testimony again. The problem here is the same as before. The expert's testimony did not contradict anything that the Target representative had said. The expert simply said that gaps "would negate the lift." No one ever said otherwise. The expert's testimony was therefore inadmissible to impeach by contradiction.

The District Court did not abuse its discretion. We will affirm its judgment.